█    In the Matter of the Claim of WILLIAM J. CARROLL, Respondent, v. NEW YORK RACING ASSOCIATION et al., Appellants, and LUMBERMEN'S MUTUAL CASUALTY COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier the Indemnity Insurance Company of North America from a decision of the Workmen's Compensation Board, charging an award of disability benefits to the appellant carrier. The claimant's employment with the employer herein was terminated on November 29, 1958. The respondent Lumbermen's Mutual Casualty Company insured the employer for disability benefits up to and including November 30, 1958 and the appellant carrier became its carrier for such coverage as of December 1, 1958. The board found that the claimant was disabled as of December 8, 1958, at a time when he was still unemployed, and made the award of disability benefits payable by the appellant carrier who it found was on the risk at the commencement of disability. Eligibility for disability benefits is acquired by being in employment in four or more consecutive weeks for a covered employer and under section 203 of the Disability Benefits Law (Workmen's Compensation Law, art. 9) an eligible employee remains eligible " for a period of four weeks after such employment terminates ". The claimant was eligible for benefits at the time of the termination of his employment. The question here then is whether the responsibility for an award of benefits for disability occurring during the four weeks' period subsequent to the termination of employment rests upon the carrier whose policy was in effect at the time the employment was terminated or upon the carrier whose policy became effective thereafter but before disablement. Clearly in a situation where there was a termination of employment of an eligible employee, a termination of coverage without a new policy being issued by another carrier and disability thereafter within four weeks of the termination of employment there can be no question that the carrier whose policy was in effect at the time of the termination of employment would be responsible for the award. Consistency then requires a like result in the present case. The respondent asserts that in the case of compensation the date of disablement determines the carrier against whom the award is made and that a similar rule should be applied to awards of disability benefits. When an employee enters another employment which contributes to his disability even though the occupational disease was contracted in the prior employment the award is made against the carrier insuring the new employer on the date of disablement. Similarly here, however, if the claimant had worked only one day after the appellant's policy went into effect the appellant would admittedly have been responsible. The situation we have here is akin to the compensation situation where there is no subsequent employment or the subsequent employment has no relation to the occupational disease and in such a case the award would be against the original employer and his carrier. Similarly here once the employment of an eligible employee is terminated there begins a period of four weeks during which if disability occurs benefits are payable without regard to what causes that disability. That four-week period is fixed once the employment terminates and it should logically be the risk of the carrier whose policy is in

effect at that time. Decision and award reversed and case remitted to Workmen's Compensation Board, with costs to appellant against respondent Lumbermen's Mutual Casualty Company.